THOMPSON, Judge.
Power Systems, Inc. (Power Systems) appeals an order dismissing its contract action against Stallings & McCorvey, Inc. (S&M), United States Fidelity & Guaranty Co. (USF&G), and Rameo Electric Co. (Rameo). Power Systems asserts the trial court erroneously concluded that dismissal of a prior action in federal court was res judicata. However, Power Systems does not challenge the dismissal as to USF&G. We reverse.
S&M entered into a contract with the United States Government on May 14, 1976, for construction of the Base Flight Operations Facility at Eglin Air Force Base. United States Fidelity & Guaranty Co. (USF&G) was S&M’s surety on this project. Rameo, an electrical subcontractor on this project, contracted to purchase certain materials and services for the project from Power Systems. A dispute arose between the parties and on October 31, 1979, Power Systems commenced a suit under the Miller Act, 40 U.S.C. §§ 270a-270d, in the United States District Court for the Northern District of Florida. The federal court dismissed Power Systems’s complaint, with prejudice, because it was not filed within the one-year time period required under the Miller Act. On March *737 30, 1983, Power Systems filed a breach of contract action in the circuit court of Oka-loosa County against S&M, USF&G, and Rameo. The trial court dismissed the contract action, reasoning that the dismissal in federal court was res judicata of the issues between the parties.
The trial court erred in concluding that the dismissal in federal court was res judicata. Since the one-year time limitation in the Miller Act, 40 U.S.C. § 270b(b), is jurisdictional, see United States for the Use of Celanese Coatings Co. v. Gullard, 504 F.2d 466 (9th Cir.1974), the federal court was without jurisdiction to hear the case and therefore could not have decided the case on the merits. Additionally, although United States District Courts have exclusive jurisdiction of actions on bonds under the Miller Act, see United States Fidelity & Guaranty Co. v. Hendry Corp., 391 F.2d 13 (5th Cir.), cert. den., 393 U.S. 978, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968), the Miller Act does not preclude a common law action in state court against the principals. However, under the Miller Act, the surety cannot be named as a party in a state action, is not permitted to intervene in the state action, and is not bound by the state court judgment. Id.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS and ZEHMER, JJ„ concur.